LENDER ANN HAMILTON,

      Appellant,

v.

PILGRIM'S PRIDE
CORPORATION,

      Appellee.

_____/

IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-2436

Opinion filed March 3, 2015.

An appeal from the Circuit Court for Madison County.
Andrew J. Decker, III, Judge.

Marie A. Mattox of Marie A. Mattox, P.A., Tallahassee, for Appellant.

John F. Dickinson and J. Ray Poole of Constangy, Brooks & Smith, LLP, Jacksonville, for Appellee.

BENTON, J.

      Lender Ann Hamilton appeals the final order dismissing with prejudice—as having been discharged in bankruptcy—her employment discrimination claims against a former employer, Pilgrim's Pride Corporation. We reverse and remand for further proceedings.

Ms. Hamilton's complaint alleged that she was injured while working for Pilgrim's Pride in 2003, had surgery in 2005 as a result of her job-related injuries, and was harassed upon her return to work because of light duty restrictions she was then under. Her complaint alleged she was the victim of retaliation because she reported unlawful employment practices and made a (valid) claim for workers' compensation benefits. She alleged she was the victim of discrimination based on race, as well as disability.[1] Her employment by Pilgrim's Pride ended on July 17, 2009, all agree.

Pilgrim's Pride argued below that Ms. Hamilton had "adequate notice that any claims she had against [Pilgrim's Pride] – including her claims which arose on or before July 17, 2009 – would be discharged on the Effective Date if she failed to file a proof of claim or an administrative expense claim." In its motion to dismiss, Pilgrim's Pride alleged it had voluntarily filed a petition for reorganization in bankruptcy under Chapter 11 on December 1, 2008; that, on or around April 15, 2009, Pilgrim's Pride had served on Ms. Hamilton a Notice of Deadline for Filing Proofs of Claim in the bankruptcy court, advising her of a filing deadline of June 1, 2009 for acts or omissions that "arose before December 1, 2008"; and that Ms.

---

[1] Ms. Hamilton alleged that, after her 2005 surgery, her position with the employer changed because of her permanent light duty restrictions; her requests for reasonable accommodations and relocation to another position were denied; her salary was reduced; and she "received multiple forms of unfair discipline, including write ups and suspensions." She does not allege specific dates with regard to these alleged acts.

Hamilton had filed no claim based on pre-petition acts or omissions prior to the June 1, 2009 deadline. On appeal, she concedes any claims that arose before the bankruptcy petition was filed have now been discharged.

The bankruptcy court approved Pilgrim's Pride's reorganization plan[2] on December 10, 2009, effective December 28, 2009. Under the order of the bankruptcy court approving the plan, the deadline for filing administrative expense claims against the bankrupt's estate was February 26, 2010. The notice of entry of an order confirming the reorganization plan[3] so stated and also said: if "you are required to file an Administrative Expense Request pursuant to Section 2.1(a) of the Plan and fail to do so by February 26, 2010, you will be forever barred, estopped, and enjoined from asserting such Administrative Expense Claim" and the "Reorganized Debtors will be forever discharged from any and all indebtedness or liability with respect to such Administrative Expense Claim." Ms. Hamilton does not dispute that she did not file a claim or request for payment prior to February 26, 2010.

---

[2] The reorganization plan provides, in part, that the "holder of an Administrative Expense Claim, <u>other than . . . a liability incurred and payable in the ordinary course of business</u> by a Debtor (and not past due), . . . must file with the Bankruptcy Court and serve on the Debtors . . . notice of such Administrative Expense Claim on or prior to the Administrative Expense Claim Bar Date" and that "[f]ailure to file and serve such notice timely and properly shall result in the Administrative Expense Claim being forever barred and discharged." (Emphasis supplied.)

[3] Whether Ms. Hamilton received this notice was not clear from the record.

Pilgrim's Pride argued to the trial judge that, because she "never filed a proof of claim or administrative expense claim with the Bankruptcy Court," all her claims, including those that arose after Pilgrim's Pride filed for bankruptcy, were discharged. In granting the motion to dismiss, the trial court observed that much of the putative, discriminatory conduct complained of occurred before the bankruptcy petition was filed, and opined that the reorganization plan as confirmed by the bankruptcy court would preclude relief on administrative expense claims relating to post-petition conduct.

Ms. Hamilton's termination occurred after the June 1, 2009 deadline for filing proof of a pre-petition claim, but prior to the bankruptcy court's confirmation of the reorganization plan. Like her other employment discrimination allegations concerning the same post-petition period, her allegation of wrongful termination meets the bankruptcy code's definition of administrative expense claim[4] and would, as the trial court suggested, have been discharged under the reorganization plan, the order of the bankruptcy court confirming the plan, and the notice of the administrative expenses bar date, except that each of these documents contained the same, important exception.

They all "carved out an exception from the request-for-payment filing requirement for [administrative expense claims constituting] '[l]iabilities incurred

_____

[4] See 11 U.S.C. § 503(b)(1)(A) (2012).

4

in the ordinary course of business by'" Pilgrim's Pride. See Sanchez v. Nw. Airlines, Inc., 659 F.3d 671, 678 (8th Cir. 2011) (concluding "Sanchez's ADA claim was the ordinary course indebtedness" so that Sanchez "did not have to file a request for payment by the administrative expenses deadline at any time"). See also Reading Co. v. Brown, 391 U.S. 471, 485 (1968) (holding that "damages resulting from the negligence of a receiver acting within the scope of his authority as receiver give rise to 'actual and necessary costs' of a Chapter XI arrangement"); In re Eagle-Picher Indus., Inc., 447 F.3d 461, 465-66 (6th Cir. 2006) (stating that "'liabilities incurred in the ordinary course of business by any of the Debtors in Possession'" included claims for patent infringement, as well as tort and contract claims, stemming from post-petition sales of the debtor's products to third parties). As a matter of law, Ms. Hamilton's employment discrimination claims arose "'in the ordinary course of business.'" Sanchez, 659 F.3d at 678.

Ms. Hamilton's claims arising subsequent to December 1, 2008, were not subject to either the initial June 1, 2009 deadline for filing pre-petition claims or, because they arose in the ordinary course of business, the February 26, 2010 deadline for filing administrative expense claims based on post-petition conduct. Dismissal of such claims in the present case was therefore error. On remand, she should be afforded the opportunity to file an amended complaint setting out only[5]

---

[5] Ms. Hamilton's counsel conceded at oral argument that some of her claims

those claims that arose after December 1, 2008. In sum, Pilgrim's Pride's reorganization in bankruptcy does not preclude Ms. Hamilton's litigating in state court claims based on acts or omissions alleged to have occurred after December 1, 2008.

Reversed and remanded.

WETHERELL and SWANSON, JJ., CONCUR.

---

accrued prior to December 1, 2008. It cannot be determined from the record on appeal, however, which claims accrued prior to the filing of the bankruptcy petition and would be discharged based on Ms. Hamilton's failure to file a claim with the bankruptcy court prior to June 1, 2009.